# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Crim. No.  03-20122-01-KHV |
| v. | ) | |
| | ) | Civil No. 05-3171-KHV |
| JOHN R. TIDWELL, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's timely-filed [Motion For] Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2255 (Doc. #71).[1]  For reasons stated below, the Court overrules defendant's motion.

## Factual Background

On September 18, 2003, a grand jury returned a seven-count indictment which, in part, charged

_____

[1]     Section 2255 provides a one-year period of limitation for motions brought under that section.  28 U.S.C. § 2255.  The limitation period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Because defendant did not file a direct appeal, his conviction was final on April 12, 2004 – ten days after judgment was entered.  Accordingly, his motion filed on April 5, 2005 is timely.

John R. Tidwell with conspiracy to possess with intent to distribute methamphetamine, possessing with intent to distribute methamphetamine, possessing a firearm in furtherance of a drug trafficking crime, opening and maintaining a place for distributing methamphetamine, and possessing a firearm after having been convicted of a felony, all in violation of 21 U.S.C. §§ 841, 846, and 18 U.S.C. §§ 2, 922(g)(1), 924(c)(1)(A).  See Indictment (Doc. #1).  Defendant pled guilty to the charges.  In the plea agreement, defendant agreed that the evidence would show as follows:

> On July 3, 2003, John R. Tidwell was living at 1026 S. 55th Street, Kansas City, Kansas, along with Johnathan C.F. Ellis.  Tidwell and Ellis had been renting the duplex since January 2003.  On JULY 2, 2003, Tidwell admits to purchasing three "zones" (ounces) of methamphetamine and taking it to his residence.  John R. Tidwell admits that he conspired with other individuals to obtain the methamphetamine for the purpose of further distribution.  During the course of the evening, a number of individuals came to his residence, some of whom purchased methamphetamine from him.  Tidwell's primary source of income was selling drugs from 1026 S. 55th Street.

> A search warrant was executed by law enforcement officers and they recovered 42 grams of actual methamphetamine, a 9 mm High Point handgun, serial number P126936 and a 9 mm handgun magazine, hidden in the attic; a loaded .40 caliber Ruger handgun, serial number 34079307 hidden in the couch in the living room, right by the front door; and miscellaneous ammunition and drug paraphernalia in various locations throughout the residence.  John R. Tidwell admits to having possession of these items.  The drug paraphernalia and the quantity of methamphetamine were indicative and consistent with distribution.  John R. Tidwell agrees that the firearms in question were in close proximity to where the drugs were or had been possessed for distribution.

> John R. Tidwell was convicted in 1997 in the District Court of Wyandotte County, Kansas, case number 96CR1945, of Aggravated Battery, which was a crime punishable under Kansas law by imprisonment for a term exceeding one year.  John R. Tidwell acknowledges as a result of this conviction that he knew it was unlawful to own or possess the firearms and ammunition in question.

Plea Agreement ¶ 2.  In the plea agreement, defendant also agreed to waive his rights of appeal and collateral attack.  See Plea Agreement ¶ 11.

- 2 -

Defendant's total offense level was 31, with a criminal history category IV, resulting in a sentencing range of 151 to 188 months in addition to a mandatory 60 months on Count 3. On March 22, 2004, the Court sentenced defendant to a total of 248 months in prison (188 months on Counts 1, 2 and 4 and 120 months on Count 5 to run concurrently with each other, and 60 months on Count 3 to run consecutively to the other counts).

<u>**Analysis**</u>

The standard of review of Section 2255 petitions is quite stringent. The Court presumes that the proceedings which led to defendant's conviction were correct. <u>See</u> <u>Klein v. United States</u>, 880 F.2d 250, 253 (10th Cir. 1989). To prevail, defendant must show a defect in the proceedings which resulted in a "complete miscarriage of justice." <u>Davis v. United States</u>, 417 U.S. 333, 346 (1974).

Defendant argues that (1) the Court improperly enhanced his sentence two levels for obstruction of justice in violation of <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004); and (2) the government breached the plea agreement by not requesting an additional one level decrease for acceptance of responsibility and allowing the Presentence Investigation Report ("PSIR") to include the obstruction enhancement.

A hearing on in a Section 2255 proceeding is not required unless (1) defendant alleges specific and particularized facts which, if true, would entitle him to relief and (2) the motion and the files and records of the case do not conclusively show that defendant is entitled to no relief. <u>See</u> 28 U.S.C. § 2255; <u>United States v. Barboa</u>, 777 F.2d 1420, 1422-23 (10th Cir. 1985) (hearing not required unless "petitioner's allegations, if proved, would entitle him to relief" and allegations are not contravened by the record).

**I.      Waiver Of Collateral Challenges**

A knowing and voluntary waiver of the statutory right to appeal or to collaterally attack a sentence

is generally enforceable.  United States v. Chavez-Salais, 337 F.3d 1170, 1172 (10th Cir. 2003); United States v. Cockerham, 237 F.3d 1179, 1181 (10th Cir. 2001), cert. denied, 534 U.S. 1085 (2002); United States v. Hernandez, 134 F.3d 1435, 1437 (10th Cir. 1998).  The Court applies a three-pronged analysis to evaluate the enforceability of such a waiver: (1) whether the disputed issue falls within the scope of the waiver; (2) whether defendant knowingly and voluntarily waived his rights; and (3) whether enforcing the waiver would result in a miscarriage of justice.  United States v. Hahn, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc); see United States v. McMillan, No. 02-20062-01-JWL, 2004 WL 2660641 at *3 (D. Kan. Nov. 19, 2004).

      A.     Scope of the Waiver

To determine whether the disputed issue falls within the scope of the waiver, the Court begins with the plain language of the plea agreement.  United States v. Anderson, 374 F.3d 955, 957 (10th Cir. 2004); Hahn, 359 F.3d at 1328.  The Court construes the plea agreement according to contract principles and based on what defendant reasonably understood when he entered his plea.  United States v. Arevalo-Jimenez, 372 F.3d 1204, 1206 (10th Cir. 2004).  The Court strictly construes the waiver and resolves any ambiguities against the government and in favor of defendant.  Hahn, 359 F.3d at 1343.

The plea agreement states in relevant part as follows:

> **11.**    **Waiver of Appeal and Collateral Attack.**  Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence.  The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed.  By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court.  The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as

limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)] and a motion brought under Title 18, U.S.C. § 3582(c).  In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court.  However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal his sentence as authorized by Title 18, U.S.C. § 3742(a).

Plea Agreement ¶ 11.  The scope of this waiver unambiguously includes the right to collaterally attack by a Section 2255 motion any matter in connection with defendant's sentence.  In this case, defendant's arguments do not challenge the validity of the plea or waiver, but rather focus solely on sentencing issues.[2]  Defendant has waived any claim based on alleged errors at sentencing.  Such a claim does not attack the validity of the plea or the waiver.  Accordingly, defendant's claim falls within the scope of the waiver in the plea agreement.  See Cockerham, 237 F.3d at 1187.

> B.    Knowing And Voluntary Nature Of The Plea

Defendant does not allege that his plea was involuntary or unknowing.  To ascertain whether defendant knowingly and voluntarily waived his rights, the Court evaluates the language of the plea

---

[2]    Defendant's waiver of the right to appeal or collaterally attack his sentence does not preclude his argument that the government breached the plea agreement by not requesting an additional one level decrease for acceptance of responsibility.  See United States v. Abuhouran, 119 Fed. Appx. 402, 404, 2005 WL 78553, at *2 (3rd Cir. Jan. 14, 2005) (defendant who signs appellate waiver may appeal if government breaches plea agreement); United States v. Bowe, 257 F.3d 336, 342 (4th Cir. 2001) (same); United States v. Rosa, 123 F.3d 94, 98 (2d Cir. 1997) (same); United States v. Gonzalez, 16 F.3d 985, 988-90 (9th Cir. 1993) (same); see also United States v. Peterson, 225 F.3d 1167, 1170 (10th Cir. 2000) (defendant does not waive right to appeal claim that government breached plea agreement when he fails to object in district court), cert. denied, 531 U.S. 1131 (2001).  As explained below, however, defendant's argument is procedurally barred on other grounds and lacks substantive merit.
    As to defendant's argument that the government breached the plea agreement by allowing the PSIR to include the obstruction enhancement, defendant's argument is simply a dressed-up objection to his sentence.  Defendant waived any such challenges in the plea agreement.

agreement and the Court's standard Rule 11 colloquy which it followed with defendant.  <u>Hahn</u>, 359 F.3d

at 1325.  The Court conducted a thorough inquiry at the plea hearing.  At that time defendant affirmed that

he understood the charge against him, the maximum penalties, the rights he was waiving, and the factual

basis for his plea.  Defendant acknowledged that his plea was free and voluntary, that no one had forced

or threatened him to enter it, and that the only reason he was making a plea was that he was in fact guilty

as charged.  The plea agreement explicitly reflects that defendant "knowingly and voluntarily waives any

right to . . . collaterally attack any matter in connection with this prosecution and sentence" and "waives any

right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it

was determined in any collateral attack, including, but not limited to, a motion brought under Title 28

U.S.C. § 2255."  Plea Agreement ¶ 11.  Nothing in the record suggests that defendant's plea or waiver

of post-conviction rights was unknowing or involuntary.  The last paragraph of the plea agreement

acknowledges that defendant had sufficient time to discuss the matter with his attorney and was satisfied

with his attorney's representation; and that he had read and understood the plea agreement.  Defendant

also acknowledged that he was entering the agreement and pleading guilty because he was guilty and was

doing so freely and voluntarily.  <u>See</u> Plea Agreement ¶ 16.  In sum, the language of the plea agreement and

the Rule 11 colloquy established that defendant's waiver of his rights was knowing and voluntary.

      C.    <u>Miscarriage Of Justice</u>

      Finally, the Court must "determine whether enforcing the waiver will result in a miscarriage of

justice."  <u>Hahn</u>, 359 F.3d at 1327.  This test is met only if (1) the district court relied on an impermissible

factor such as race; (2) defendant received ineffective assistance of counsel in conjunction with negotiation

of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful in

the sense that it suffers from error that seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id. Defendant bears the burden of demonstrating that the waiver results in a miscarriage of justice. Anderson, 374 F.3d at 959. Here, defendant does not contend that enforcing the waiver would result in a miscarriage of justice. The Court finds that enforcement of the waiver does not implicate any of the four factors listed above. Thus, the Court finds that enforcing the waiver will not result in a miscarriage of justice. In sum, defendant's sentencing objections based on Blakely are barred by the waiver in the plea agreement.

## II.    Procedural Bar - Failure To Appeal

Defendant's Blakely claims also are procedurally barred because he failed to raise them on direct appeal. "[Section] 2255 is not available to test the legality of matters which should have been raised on appeal." United States v. Allen, 16 F.3d 377, 378 (10th Cir. 1994) (quoting United States v. Walling, 982 F.2d 447, 448 (10th Cir. 1992)). Defendant is precluded from raising issues in a Section 2255 petition which were not raised on direct appeal "unless he can show cause for his procedural default and actual prejudice resulting from the alleged errors, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed." Allen, 16 F.3d at 378. Defendant has not satisfied any of these exceptions.

To the extent defendant contends that he did not raise his Blakely claim at trial or on direct appeal because of a lack of precedent, the Court finds that such an explanation does not constitute "cause" for his procedural default. The Court agrees substantially with the reasoning of the Seventh Circuit with respect to a similar claim under Apprendi:

> . . . the lack of precedent for a position differs from "cause" for failing to make a legal argument. Indeed, even when the law is against a contention, a litigant must make the argument to preserve it for later consideration. See Bousley v. United States, 523 U.S.

614, 622-24 (1998); Engle [v. Isaac], 456 U.S. [107,] 130 n.35 [(1982)] (that a legal argument would have been unpersuasive to a given court does not constitute "cause" for failing to present that argument).  "Cause" means some impediment, and Smith does not contend that any outside force impeded his legal defense in 1992.  (Nor does he contend that counsel was ineffective for failure to anticipate Apprendi; no such argument would be tenable.)  The lack of any reasonable legal basis for a claim may constitute "cause," see Reed v. Ross, 468 U.S. 1, 16 (1984), but the foundation for Apprendi was laid long before 1992.  Other defendants had been making Apprendi-like arguments ever since the Sentencing Guidelines came into being, and in McMillan v. Pennsylvania, 477 U.S. 79 (1986), the Court addressed on the merits an argument along similar lines.  Smith could have invoked the themes in McMillan, and for that matter In re Winship, 397 U.S. 358 (1970), just as the Justices themselves did in Apprendi.  See Garrott v. United States, No. 99-2921, [238 F.3d 903] (7th Cir. Jan. 30, 2001).  Thus Smith has not established cause; and for the same reason that he could not show plain error (if that were the right standard) he cannot show prejudice either.

United States v. Smith, 241 F.3d 546, 548-49 (7th Cir. 2001); see McCoy v. United States, 266 F.3d 1245, 1258-59 (11th Cir. 2001), cert. denied, 536 U.S. 906 (2002); United States v. Sanders, 247 F.3d 139, 145-46 (4th Cir.), cert. denied, 534 U.S. 1032 (2001).  Likewise, the Tenth Circuit has held that counsel's failure to recognize a potential legal argument does not constitute cause for a procedural default.[3]

United States v. Harms, 371 F.3d 1208, 1212 (10th Cir. 2004); see Hopkinson v. Shillinger, 954 F.2d 609, 610 (10th Cir. 1992).

Defendant also has not demonstrated "prejudice," i.e. that the alleged error "worked to his actual and substantial disadvantage, infecting his entire [sentence] with error of constitutional dimensions."  United States v. Frady, 456 U.S. 152, 170 (1982).  Defendant has not alleged or shown that the failure to let the jury decide whether he obstructed justice worked to his actual and substantial disadvantage.

---

[3]        Defendant does not allege that his counsel was ineffective for failing to anticipate Blakely.

Finally, defendant has not satisfied the exception for a "fundamental miscarriage of justice." The Supreme Court has held that this exception applies only if one is actually innocent. See Bousley, 523 U.S. at 623. Initially, the Court doubts that the actual innocence exception can be applied to noncapital sentences. See United States v. Richards, 5 F.3d 1369, 1371 (10th Cir. 1993); see also United States v. Glover, 156 F.3d 1244, 1998 WL 476779, at *2 (10th Cir. Aug. 11, 1998) (claim that defendant in noncapital case should have received lesser sentence does not constitute claim that he is actually innocent of offense or that he did not commit crime). In any event, defendant has not shown that he is actually innocent of the charges which are the basis of the sentence enhancements. Defendant cannot show that no reasonable jury would have reached the same conclusion as the sentencing judge. Therefore, he cannot establish that failure to review his claim would result in a fundamental miscarriage of justice.

Based on this procedural bar, defendant's motion is overruled.

**III.     Sentencing**

Defendant argues that (1) the Court improperly enhanced his sentence two levels for obstruction of justice in violation of Blakely v. Washington, 124 S. Ct. 2531 (2004); and (2) the government breached the plea agreement by not requesting an additional one level decrease for acceptance of responsibility and allowing the PSIR to include the enhancement for obstruction of justice. For reasons explained above, both of these arguments are barred. Furthermore, both arguments are without substantive merit.

A.     Court Determination That Defendant Obstructed Justice

Defendant maintains that his sentence must be modified because the obstruction enhancement was not charged in the indictment or submitted to a jury in violation of Blakely. The Tenth Circuit recently held that Blakely does not apply retroactively to initial Section 2255 motions. See United States v. Price, 400

F.3d 844, 849 (10th Cir. Mar. 8, 2005).  Because defendant's conviction was final before the Supreme

Court decided Blakely, the Court must overrule defendant's challenge under Blakely.

      B.      Government Breach Of Plea Agreement

      Defendant argues that the government breached the plea agreement by (1) not requesting an

additional one level decrease for acceptance of responsibility and (2) allowing the PSIR to include the

enhancement for obstruction of justice.  As to defendant's first argument, the PSIR recommended and the

Court granted an additional one level decrease, a total decrease of three levels, for acceptance of

responsibility.  See PSIR ¶ 43.  The plea agreement did not require a further decrease in defendant's

offense level for acceptance of responsibility, and the United States Sentencing Guidelines did not authorize

such a decrease.  See U.S.S.G. § 3E1.1.  Defendant's argument therefore lacks merit.

      As to defendant's second argument, defendant maintains that the government violated its agreement

not to file additional charges arising out of the facts forming the basis of the indictment.  Specifically,

defendant claims that the government breached its obligation when it allowed the PSIR to include an

obstruction enhancement.  The government did not breach the plea agreement because the obstruction

enhancement in the PSIR did not constitute "additional charges" against defendant.  The obstruction

enhancement was based on relevant conduct which defendant expressly agreed would be considered in

the calculation of his sentence.  See Plea Agreement ¶ 3.  Moreover, the plea agreement allowed the

government to provide the Court and the United States Probation Office all information which it deemed

relevant to the appropriate sentence in the case.  See id. ¶ 14; see also United States v. Walling, 982 F.2d

447, 449 (10th Cir. 1992) (government did not breach plea agreement, which prohibited motion for

upward departure, by presenting evidence at sentencing in support of upward adjustment for obstruction). Defendant's objection therefore is without merit.

## IV.      Conclusion

The files and records in this case conclusively show that defendant is not entitled to relief. Accordingly, no evidentiary hearing or response by the government is required. See United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988) (no hearing required where factual matters raised by Section 2255 petition may be resolved on record).

**IT IS THEREFORE ORDERED** that defendant's [Motion For] Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2255 (Doc. #71) filed April 5, 2005 be and hereby is **OVERRULED**.

Dated this 25th day of April, 2005, at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge